UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ADE GEORGE OYEGBOLA,**     )<br>    **Plaintiff,**     )<br>     )<br>**v.**     )<br>     )<br>**ADVANTAGE ASSETS INC. II, et al.**     )<br>    **Defendants.**     ) | Civ. Action No. 09cv10418-NG |

**GERTNER, D.J.:**

## ORDER OF DISMISSAL
September 22, 2009

Plaintiff has sued under the Fair Debt Collection Practices Act ("FDCPA"), among other grounds. Defendants have moved to dismiss on statute of limitations grounds (**documents ##. 8, 11, 19**). For the reasons described below, those motions are **GRANTED.**

Congress has limited a federal court's jurisdiction to hear a FDCPA case to those filed within one year of the alleged violation. 15 U.S.C. § 1692k(d). Courts are split on when this statute of limitations period begins to run; some hold that FDCPA claims accrue upon the filing of the underlying debt collection suit, e.g., Naas v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997), while others hold that the FDCPA claim accrues when the debtor was served with the complaint, e.g., Johnson v. Riddle, 305 F.3d 1107, 1113 (10th Cir. 2002). For purposes of this case, that distinction is irrelevant. Defendants initiated their debt collection action against Plaintiff in state court in May 2006, the debtor (Plaintiff in this case) was served in June of that year, and the court issued its judgment on the matter in June 2007. Plaintiff first filed in federal court in March 2009, well after the one-year jurisdictional period had lapsed. So Plaintiff's FDCPA claim is untimely